Thank you, Your Honor. May it please the court. The threshold question in this case is very simple. It's whether by dismissing the complaint with prejudice the court actually dismissed the entire action or just the complaint. Well, this court has already answered that question. If what the court had wanted to do was to dismiss the entire action, it is to be dismissed with prejudice. In the case of Mountain Home Flight Service v. Baxter County, Arkansas, a dismissal for failure to state a claim is typically a dismissal without prejudice, but it's a final order. This was not dismissed for failure to state a claim. I understand, but I'm talking your categorical statement was simply not right. Well, if a case is dismissed for reasons other than having failure to state a claim, then this court has indicated that the way to do that is dismissing it with prejudice. What case are you referring to? Mountain Home Flight Service v. Baxter County, Arkansas, where this court said the distinction between a dismissal of a complaint and a dismissal of an entire action depends on whether the court intended dismissal to be a final appealable order. Dismissing a complaint constitutes dismissal of the action when it states or clearly indicates that no amendment is possible, e.g. when the complaint is dismissed with prejudice. That's not categorical. Let me ask you this. What orders are up on appeal? Does the appeal include the May initial order? I think we have to look at the initial order somewhat to... No, no, this is a notice of appeal question. Okay, no, we are appealing the second order, although technically the second order just denied our motions, so technically the case, I believe, is still dismissed without prejudice. But our standard review for a motion denying a reconsideration, Rule 59, Rule 60, whatever, our standard review is much different than a review on direct appeal from the initial order. Yes, it is, Ron. If you didn't include the initial order in your notice of appeal, then all we're reviewing for abuse of discretion is the denial of the 59E motion. Okay. I'm fairly certain we designated both orders in our notice of appeal, but I don't have any... I didn't see it. I didn't, I mean, I didn't see it in any of the briefs or addendums. I think I even went into CMECF and didn't see... Well, it is in the addendum, because yesterday I was reviewing the addendum, and both orders are included. The orders are, not the notice. I have to see the notice of appeal or the Form A filed with the notice of appeal. No, I don't have that. Or the statement of issues in the brief. I saw no indication that the appeal includes the initial May order. Well, then addressing the standard for both Rule 59E and the motion to amend. The court made its error of law when it found that each and everything asserted, or each and every action asserted by the plaintiff, required the defendant to be a successor in interest of Aspen. That's simply not correct. The court failed to address the primary claim of the plaintiff, which is, Urancian and the holders are entitled to receive a certain amount of money. FBR was to receive a fee under a fee agreement. Now, if you will look at page four of their brief, this is where they pretty much concede that we do have a legitimate interest. They are claiming their allowed interest, not under the engagement letter, which is what the court found that Urancian was not a party to, and therefore didn't have standing. They are basing their claim that they are entitled to base their fee on interest on the CBR agreement itself. The holders were the third-party intended beneficiaries of the CBR agreement. The CBR agreement specifically precludes them seeking recovery on interest. This is what it says in the CBR agreement about FBR's fee. FBR fee means the fee is due and payable to FBR Capital Markets Corporation in connection with this agreement and the transactions contemplated thereby based on the adjusted principal amount. It then goes on to say, in each case without taking into account any interest amounts payable to the holders pursuant to that certain letter agreement, June 23rd, 2009. So the CBR agreement even references that the document that the court found that we didn't have standing to challenge is the one that does not provide for interest. So in our case, the court erred by failing to recognize that there was a case of controversy between the holders because it's a set amount of money and we are entitled to receive it, and FBR is trying to take more of that money than they are entitled to. But what's your claim? Your claim derives from the engagement letter. Our claim arises from FBR's breach of the engagement letter by attempting to recover interest that is not allowed as part of the aggregate compensation. And your standing, so to speak, to sue under the engagement letter must be derived from your status as shareholders at the time of the predecessor company at the time of the engagement letter, right? Well, I may not have stated it clearly, but we are not suing them for breach of the engagement letter. We are suing them for attempting to violate the CBR agreement, which is our contract. They're not a party to the CBR agreement. The CBR agreement defines our rights. Attempt to violate? That's premature. That claim is not ripe. Well, they have made a demand to be paid with their fee being calculated on an amount which includes the interest to be paid the holders. I understand that, but standing is the wrong Article 3 moniker, so to speak, for the problem here. The problem is that claim is not ripe. Then you'd have the question of whether your class of people can even assert that claim as opposed to now this Markel. Well, our people can certainly assert that claim because they are the ones whose money is being taken. It's not Markel's money. You can assert anything you want, but you aren't going to prevail unless you have a right under contract law to make the claim. And we do. What case says you do? Well, if nothing else, the Lujan v. Defenders of Wildlife. No, this is a substantive problem. Well, we believe that that problem is solved. You could sue. As I understand corporate law, which is not addressed at all in these briefs, unfortunately, but if Markel, if we get the amount defined and the shareholders go to Markel as a successor to the corporation whose shareholdings gave you rights to this money and says, Markel, you've got to sue Reilly not to pay, not that they, Markel doesn't, they don't get your clients 1.25%. And if Markel says, I'm not going to do that, we love B. Reilly, then as shareholders, you have the right to assert a derivative cost of action. A shareholder's derivative sued against Reilly on behalf of Markel as successor to Aspen. And that's what this case really is. And we aren't there yet. A, there's been no demand on Markel. B, Markel probably, it would probably be a premature claim, although not necessarily. Well, Your Honor, we believe that we have avoided that by bringing it as a declaratory action. I mean, it is a pending case of controversy. And the district court doesn't think you made it. And I don't either. Well, the trial court believed that we were not successors in interest. That was their other, that every one of our causes of action required us to be successors in interest. And, and you were just addressing the question. Oh no, wait, wait. Counsel, Markel is the successor in interest to Aspen. Yes, yes. You're not. You are shareholders of the predecessor who may or may not have a basis for a derivative suit based on what the successor is or isn't doing and asserting. And this is, this is just, this is a frolicking detour of the worst sort, as I see it. Well, Your Honor, if, if we did not take any action, the way the CBR agreement directs payments to be made is Markel is supposed to pass the money to a rights agent who then distributes it according to what is owed. And so we have to get a determination of what is actually owed to, to FBR before the rights agent can properly distribute it. If we don't get some kind of an indication of what their, what the basis is for their calculation before the current arbitration is, is ended, we don't have a way to get that determination. At that point, it will be too late. I see I have approximately three minutes left. If you have no more questions right now, I would like to reserve that for rebuttal. Very good. Mr. Pastore, Mr. Pastore, would you? It's Pastore, Your Honor. I've been asking, answering that question since fifth grade. Thank you very much. Good morning. May it please the court. My name is Joseph Pastore. I'm counsel to the appellee, B. Riley & Co., now known as B. Riley FBR, Inc. It's an honor to appear before you here today. I'll be brief. I believe before this court is the question of whether or not the district court have used its discretion in denying the motion to amend the complaint. And whether or not the district court used its discretion in denying motion to amend the judgment. I do not believe the underlying decisions before this court. I think it's clear that our position is the district court did not abuse the discretion either instance and the district court's decision denying the motion to amend the complaint and denying the motion to amend the judgment should be upheld. First, with respect to the decision to deny the motion to amend the complaint, the district court was clear that Rule 15 was not applicable because it issued a final order. If you look at Appendix 625, there's a standalone final order that says the case is dismissed. Now, wait, it's not that Rule 15 is not applicable. It's that there's a different standard for a post-judgment Rule 15 motion. I think that's fair. That's correct. I've written down about two or three opinions. Okay, so I apologize. So that the Rule 15 standard that leave should be liberally granted is not applicable when the case has been dismissed. And there's a distinction between when the case has been dismissed and when the complaint has been dismissed. And in this instance, the case had been dismissed by a final order that said the case is dismissed and that's Appendix 625. And so I believe the district court was correct. I want to rule, given that it dismissed the case, that Rule 15's liberal standard of pleading was not applicable. In addition, the court did go through the elements saying that even if I did apply the liberal standard, I would not believe that an appendix was applicable. With respect to the district court, and I think counsel made the point. Counsel, I'm still trying to sort this out from the briefs. The motion to amend coming after a final ruling and after the close of discovery and without a proposed amended pleading on the table can be almost summarily denied whether the May order was dismissed the case or just the complaint, right? That's correct, Your Honor. The motion, with respect to the motion to amend, the standard is for the judgment, the was it, was it, I think the words are. Now, let me just, let me follow up. As I understand them, the amended pleading would add claims that the district court already considered in the initial order. In other words, looking, going beyond the successor in interest and looking at, at whether there's a direct third party beneficiary claims. So, so we've, we've sort of got 43 different reasons why there was no abuse of discretion as to the amended complaint, right? Completely agree, Your Honor. So now, now as to the motion to, to amend the judgment, talk, talk about that a bit. Sure. So the motion to amend the judgment requires that this court would find the abuse of discretion by the district court and it would find that the, to amend the judgment, to find an abuse of discretion, you'd have to find that the district court made clearly erroneous decisions. This rule is generally designed for errors, clerical errors, manifest errors, and courts define it as extraordinary relief in exceptional circumstances. And I don't think anything's been presented to this court that would allow you to make those findings. Were you, were you talking about rule 5090 and it's in its typical factual context? Yes, Your Honor. But, but there's also a motion to reconsider, which you can't find in the federal rules of civil procedure and many lawyers and some judges assume therefore it doesn't exist, but it does exist. And you can have a motion to reconsider on legal grounds. That's correct, Your Honor. Where you would interpret the motion to amend the judgment to be a motion to reconsider, I think the district court also addressed that issue by saying, were I to even consider the legal arguments, I want, I'm going to state that all plaintiff did was repeat its original arguments. That's what the district court found. So if you deem it a motion to reconsider, all plaintiff did was repeat and regurgitate its initial, its initial arguments in the initial motion to dismiss phase and the court found those unavailable. So I think were you to apply a motion to reconsider standard, the district court addressed that as well and said, I'm hearing the same arguments again and I find them unpersuasive. And, and so I think the motion was styled as a 59E motion and under that standard, clearly the plaintiff did not meet that standard. If you considered a motion for reconsideration, I think the court addressed it and the court said that they simply restated what they said earlier. And I've already previously ruled that that's not acceptable. And I know I'm not acceptable this time either. Lastly, your honor, just, just for the record from our position, the plaintiffs, we do not believe have a cognizable interest here. I think your honor got it exactly right. That extent that Markel takes steps that the plaintiffs find inappropriate. The plaintiffs can, and have, they're in litigation with Markel in the district of Delaware. They can sue Markel under the agreement with Markel to distribute money to my client in appropriate. Well, and they may also, they may also have a derivative suit, right? I understand that point as well. And I thought about that as I was preparing. It seems like that would have been the appropriate course when, and if those claims become ripe, make a demand on Markel as in some way situated to shareholders. If Markel fails to act, then file the derivative claim. That seems to be the appropriate legal theory here, not, not bringing a claim against a party to which they have no contractual relationship. And I think that's what I wanted to address. I think that those are the points I wanted to make, and I'll just summarize that from appellee's position, the court did not abuse its discretion in denying the motion to amend the complaint, and the court did not abuse its discretion in denying to amend the judgment. Those are the issues before this court, and we'd ask you to affirm the district court's decision. Thank you very much. Very good. Let's see, Ms. Voigt, I see you have three minutes left. Yes, Your Honor. There are many cases in which they found that dismissal of a complaint when there has not even been one chance for the plaintiff to replete should be considered under the rule 15A liberal standard and not the post judgment standard. In this case, what's your best case for that proposition, please? I believe it would again be Mountain Home, and then also the 11th Circuit case of Zermenta or something like that, but I would just like to briefly go over the timeline. We filed a complaint, and then we filed our only amendment as a matter of course, because we were still attempting to identify the correct FBR entity, something we didn't accomplish until they filed their corporate disclosure statement in this appeal. So at the time they filed their motion to dismiss, we could not take advantage of filing another pleading at that time, and there are courts that do not like to have competing motions to dismiss and motions to amend. So we don't believe that we were dilatory there. Judge Rossiter was very clear that he thought we had unduly delayed. Secondly, on after he had entered his judgment, Rule 59A gives you 28 days to file that. Because he had entered a judgment, we believe that we did have to file a motion to alter or amend rather than just submitting a proposed amended complaint. So we took the time under Rule 59E, which is 28 days, and we filed within that time. So his basis that he says we were guilty of undue delay, we were within the rules and filing time. We also, there was another complaint. And although some of the causes of action were the same, there were many more factual allegations, there were different causes of action. So how they can say it was just verbatim. It wasn't. We did point out better, although still not wonderfully, in our second complaint that there is a case or controversy right now. And we believe that we should be entitled to litigate that. And we believe that under all the circumstances, the court did abuse its discretion in not and that we should be able to at least attempt to amend the substance of the complaint. So we request that you reverse Judge Rossiter and remand this with leave for us to file a second amended complaint. I just have one question that probably certainly isn't a decisional point, but I got the question. And that is during the argument, plaintiff's counsel acknowledged that they could have simply commenced a new action. And why in the world are we sitting here on this appeal and 43 other issues when all of it could have been avoided by commencement of a new action? May I respond to that? This is counsel for FBR, just to let you know, we have been sued again in the District of Delaware on the same cause of action. Got it. Thank you. Thank you. Anything further for me? No, thank you, counsel. Case has been helpfully briefed and argued and we'll take it under advisement. Thank you.